# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
WAREHOUSE UNION LOCAL 6, ILWU

## DEFENDANTS
WASTE MANAGEMENT OF ALAMEDA COUNTY, INC

**(b)** County of Residence of First Listed Plaintiff ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant CONTRA COSTA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
KENNETH C. ABSALOM, NEVIN & ABSALOM
22 Battery Street, Suite 33, San Francisco, CA 94111 (415) 392-5040

Attorneys (If Known)
08-3264 EDL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | [x] 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 462 Naturalization Application | | |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee | | 950 Constitutionality of State Statutes |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 185(a)
Brief description of cause:
Suit to enforce obligation to arbitrate disputes between parties to a collective bargaining agreement.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 7-7-08    SIGNATURE OF ATTORNEY OF RECORD  Kenneth C. Absalom

KENNETH C. ABSALOM, (SBN 114607)
**LAW OFFICES OF NEVIN & ABSALOM**
22 Battery Street, Ste. 333
San Francisco, CA 94111
Phone: (415)392-5040
Facsimile: (415)392-3729

Attorneys for Plaintiff

FILED

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| WAREHOUSE UNION LOCAL No.6, ILWU, | NO. 08 3266 |
| Plaintiff, | **COMPLAINT TO COMPEL ARBITRATION** |
| v. | |
| WASTE MANAGEMENT OF ALAMEDA COUNTY, INC., | |
| Defendant. | |

COMES NOW, Plaintiff WAREHOUSE UNION LOCAL 6, ILWU (hereafter "Plaintiff" or "Local 6") and complaint against Defendant WASTE MANAGEMENT OF ALAMEDA COUNTY, INC., (hereafter "Defendant" or "WMAC") as follows:

**JURISDICTION**

1. Plaintiff brings this action under Section 301(a) of the National Labor Relations Act (NLRA), as amended, 29 U.S.C. Section 185(a), to enforce Defendant's obligation arising under a collective bargaining agreement to arbitrate disputes between the parties thereto.

2. Jurisdiction of this Court is based on 29 U.S.C. Section185(a), on 28 U.S.C.

1  Section 1331 relating to civil actions arising under the laws of the United States, and on 28
2  U.S.C. Section 1337 relating to civil actions arising under an act of Congress regulating
3  commerce.

## VENUE

3.  Venue is proper in the Northern District of California under 28 U.S.C. Section 84(a) and 1391(b) because

## INTRA - DISTRICT ASSIGNMENT

4.  This case should be assigned to either the Oakland Division or the San Francisco Division of the United States District Court for the Northern District of California, in that a substantial part of the events or omissions giving rise to the Claim for Relief occurred in Alameda County, California. Northern District Civil Local Rule 3-2 (c), (d); 3-5(b).

## PARTIES

5.  Plaintiff is an unincorporated labor organization affiliated with the International Longshoremen's and Warehousemen's Union (ILWU). Local 6 represents employees for collective bargaining purposes who are employed in various industries, including those employed in longshore and warehousing facilities. Plaintiff's principal place of business is in Oakland, California, which is within this judicial district. Plaintiff is a labor organization with the meaning of Section 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. Section 152(5) and represents employees in an industry affecting commerce within the meaning of Section 301. At all times material herein, Local 6 represented certain employees of WMAC.

6.  Defendant WMAC is an enterprise engaged in the business of waste management, including the collection, disposal, and transportation of solid waste and recyclable materials. Defendant operates collection and landfill facilities in the Alameda County area and its principal place of business is in Oakland, California, within this judicial district.

7.  Defendant, at all times material herein, was an employer engaged in commerce and

COMPLAINT TO COMPEL ARBITRATION

in an industry affecting commerce as defined in 29 U.S.C. Section 142 (1) and (3) and 29 U.S.C. Section 152(2),(6), and (7), and within the meaning of Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185.

## CLAIM FOR RELIEF

8. At all relevant times, Plaintiff and Defendant have been signatories to a collective bargaining agreement covering employees working at WMAC facilities located in Alameda County.

9. At all relevant times, the aforesaid collective bargaining agreement has contained a multi-step grievance procedure to address and adjust differences regarding the interpretation and application of its terms. Said grievance procedure culminates in final and binding arbitration.

10. The collective bargaining agreement specifically authorizes a party to file grievances to resolve disputes over employee discipline. More specifically, Section 4 of the Agreement regulates the conditions upon which an employee may be discharged from employment and states that "if an employee feels he has been unjustly discharged, he shall have the right to appeal his case to the Grievance Committee".

11. Plaintiff alleges that Defendant has failed and refused, and continues to fail and refuse, to comply with the grievance and arbitration procedures concerning three discharge grievances filed by Local 6, to wit:

A. (i) On or about August 24, 2007, Defendant unjustly terminated VICTOR VEGA, a member of the bargaining unit represented by Local 6 and an employee whose employment was governed by the terms and conditions in the collective bargaining agreement.

( ii) Thereafter, Local 6 requested information relevant to said termination in order to evaluate the grounds therefore. Defendant refused to provide such information until compelled to do so by the filing of an unfair labor practice charge with the National Labor Relations Board.

(iii) Upon review of the information Local 6 determined that the discharge was unjust and demanded arbitration of its grievance. Defendant has failed and refused to submit the grievance to arbitration and by so doing has breached the terms and conditions of the collective bargaining agreement. Accordingly, an order for specific performance of its contractual obligation to proceed to arbitration is warranted.

B. (i) On or about August 24, 2007, Defendant unjustly terminated EZEQUIEL LOPEZ, a member of the bargaining unit represented by Local 6 and an employee whose employment was governed by the terms and conditions in the collective bargaining agreement.

(ii) Thereafter, Local 6 requested information relevant to said termination in order to evaluate the grounds therefore. Defendant refused to provide such information until compelled to do so by the filing of an unfair labor practice charge with the National Labor Relations Board.

(iii) Upon review of the information Local 6 determined that the discharge was unjust and demanded arbitration of its grievance. Defendant has failed and refused to submit the grievance to arbitration and by so doing has breached the terms and conditions of the collective bargaining agreement. Accordingly, an order for specific performance of its contractual obligation to proceed to arbitration is warranted.

C. (i) On or about August 17, 2007, Defendant unjustly terminated LETICIA TELLEZ, a member of the bargaining unit represented by Local 6 and an employee whose employment was governed by the terms and conditions in the collective bargaining agreement.

(ii) Thereafter, Local 6 requested information relevant to said termination in order to evaluate the grounds therefore. Defendant refused to provide such information until compelled to do so by the filing of an unfair labor practice charge with the National Labor Relations Board.

(iii) Upon review of the information Local 6 determined that the discharge

COMPLAINT TO COMPEL ARBITRATION

1 was unjust and demanded arbitration of its grievance. Defendant has failed and refused to submit
2 the grievance to arbitration and by so doing has breached the terms and conditions of the
3 collective bargaining agreement. Accordingly, an order for specific performance of its contractual
4 obligation to proceed to arbitration is warranted.

5   12.   Since Local 6 demanded that the grievances be submitted to arbitration, WMAC
6 has failed and refused, and continues to fail and refuse, to submit the grievances to arbitration as
7 called for in the collective bargaining agreement. By such failure, Defendant has breached, and
8 continues to breach, the terms of the collective bargaining agreement.

9   **WHEREFORE**, Plaintiff prays for relief as hereinafter set forth:

10   1.   For an order directing Defendant to submit the above grievances to final and
11 binding arbitration in accordance with the terms of the collective bargaining agreement;

12   2.   For an order directing Defendant to reimburse Local 6 for its reasonable attorney's
13 fees and costs of suit herein; and

14   3.   For such other and further relief as the Court may deem just and proper.

16 Dated:   July 7, 2008

17                              LAW OFFICES OF NEVIN & ABSALOM

20                              By: _____
21                                  KENNETH C. ABSALOM
                                    Attorneys for Plaintiff
22                                  WAREHOUSE UNION LOCAL No. 6, ILWU

COMPLAINT TO COMPEL ARBITRATION