1  RONALD HOLLAND, Bar No. 148687
   MICHAEL G. PEDHIRNEY, Bar No. 233164
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
5
   Attorneys for Defendant
6  WASTE MANAGEMENT OF ALAMEDA
   COUNTY, INC.
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  WAREHOUSE UNION LOCAL No. 6,        Case No.  CV08-3266 EDL
    ILWU ,
11
                        Plaintiff,       **DEFENDANT'S ANSWER TO**
12                                        **PLAINTIFF'S COMPLAINT TO COMPEL**
            v.                            **ARBITRATION**
13
    WASTE MANAGEMENT OF
14  ALAMEDA COUNTY, INC.,

15                      Defendant.

16

17         Defendant Waste Management of Alameda County, Inc. ("Defendant"), by and

18  through the undersigned counsel, hereby submits its Answer to Plaintiff Warehouse Union Local No.

19  6's ("Plaintiff") Complaint to Compel Arbitration ("Complaint").   All allegations not specifically

20  admitted in this Answer are denied.   For its Answer to Plaintiff's Complaint, Defendant admits,

21  denies, and alleges as follows:

22         1.     In response to paragraph 1 of the Complaint, Defendant admits that, pursuant

23  to Section 301(a) of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

24  Section 185(a), Plaintiff may bring its Complaint to Compel Arbitration.   Defendant, however,

25  denies the remainder of paragraph 1 of the Complaint to the extent it alleges Defendant has any

26  obligation arising under a collective bargaining agreement to arbitrate the disputes at issue in

27  Plaintiff's Complaint.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S ANSWER TO COMPLAINT TO             1.                    CASE NO.  CV08-3266 EDL
COMPEL ARBITRATION

2.    In response to paragraph 2 of the Complaint, Defendant admits to the allegations contained therein.

3.    In response to paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every, all and several of the allegations contained therein.

4.    In response to paragraph 4 of the Complaint, Defendant admits that this case should be assigned to either the Oakland Division or the San Francisco Division of the United States District Court for the Northern District of California in that a substantial part of the events giving rise to the Claim for Relief occurred in Alameda County, California. Except as so specifically admitted, Defendant denies each and every, all and several of the allegations contained in paragraph 4 of the Complaint.

5.    In response to paragraph 5 of the Complaint, based on information and belief, Defendant admits to the allegations contained therein.

6.    In response to paragraph 6 of the Complaint, Defendant admits to the allegations contained therein.

7.    In response to paragraph 7 of the Complaint, Defendant admits to the allegations contained therein.

8.    In response to paragraph 8 of the Complaint, Defendant admits to the allegations contained therein.

9.    In response to paragraph 9 of the Complaint, Defendant admits that it is a party to three collective bargaining agreements with Plaintiff. However, Plaintiff's Complaint does not specify which collective bargaining agreement is at issue. Therefore, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every, all and several of the allegations contained therein.

10.    In response to paragraph 10 of the Complaint, Defendant admits that it is a party to three collective bargaining agreements with Plaintiff. However, Plaintiff's Complaint does

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEF'S ANSWER TO COMPLAINT TO
COMPEL ARBITRATION                    2.                    CASE NO. CV08-3266 EDL

1   not specify which collective bargaining agreement is at issue.   Therefore, Defendant is without

2   sufficient knowledge or information to form a belief as to the truth of the allegations contained in

3   said paragraph, and on that basis denies each and every, all and several of the allegations contained

4   therein.

5           11.   In response to paragraph 11 of the Complaint, Defendant denies each and

6   every, all and several of the allegations contained therein.

7           11(A.)(i).   In response to paragraph 11(A.)(i) of the Complaint, Defendant

8   admits that on or about August 24, 2007, Defendant terminated the employment of Victor Vega.

9   Except as so specifically admitted, Defendant denies each and every, all and several of the

10   allegations contained in paragraph 11(A.)(i) of the Complaint.

11           11(A.)(ii).   In response to paragraph 11(A.)(ii) of the Complaint, Defendant

12   admits that Plaintiff requested information from Defendant regarding the termination of Victor

13   Vega's employment.   Except as so specifically admitted, Defendant denies each and every, all and

14   several of the allegations contained in paragraph 11(A.)(ii) of the Complaint.

15           11(A.)(iii).   In response to paragraph 11(A.)(iii) of the Complaint, Defendant

16   denies each and every, all and several of the allegations contained therein.

17           11(B.)(i).   In response to paragraph 11(B.)(i) of the Complaint, Defendant

18   admits that on or about August 24, 2007, Defendant terminated the employment of Ezequiel Lopez.

19   Except as so specifically admitted, Defendant denies each and every, all and several of the

20   allegations contained in paragraph 11(B.)(i) of the Complaint.

21           11(B.)(ii).   In response to paragraph 11(B.)(ii) of the Complaint, Defendant

22   admits that Plaintiff requested information from Defendant regarding the termination of Ezequiel

23   Lopez's employment.   Except as so specifically admitted, Defendant denies each and every, all and

24   several of the allegations contained in paragraph 11(B.)(ii) of the Complaint.

25           11(B.)(iii).   In response to paragraph 11(B.)(iii) of the Complaint, Defendant

26   denies each and every, all and several of the allegations contained therein.

27           11(C.)(i).   In response to paragraph 11(C.)(i) of the Complaint, Defendant

28   admits that on or about August 17, 2007, Defendant terminated the employment of Leticia Tellez.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S ANSWER TO COMPLAINT TO
COMPEL ARBITRATION

3.

CASE NO.  CV08-3266 EDL

1    Except as so specifically admitted, Defendant denies each and every, all and several of the
2    allegations contained in paragraph 11(C.)(i) of the Complaint.

3            11(C.)(ii).    In response to paragraph 11(C.)(ii) of the Complaint, Defendant
4    admits that Plaintiff requested information from Defendant regarding the termination of Leticia
5    Tellez's employment.  Except as so specifically admitted, Defendant denies each and every, all and
6    several of the allegations contained in paragraph 11(C.)(ii) of the Complaint.

7            11(C.)(iii).    In response to paragraph 11(C.)(iii) of the Complaint, Defendant
8    denies each and every, all and several of the allegations contained therein.

9            12.    In response to paragraph 12 of the Complaint, Defendant denies each and
10   every, all and several of the allegations contained therein.

11                              **AFFIRMATIVE DEFENSES**

12           Without waiving or excusing the burden of proof on the named Plaintiff or admitting
13   that Defendant has any burden of proof, Defendant asserts the following separate and distinct
14   affirmative defenses:

15           AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that
16   each and every cause of action therein (if Plaintiff is asserting more than one), whether considered
17   singly or in combination, fails to state a claim upon which relief can be granted.

18           AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges
19   that the Complaint fails to state facts sufficient to constitute a cause of action under Section 301 of
20   the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. Section 185.

21           AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges
22   that each and every allegation contained in Plaintiff's Complaint, whether considered singly or in any
23   combination, is barred by the applicable statute of limitations.

24           AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges
25   that Plaintiff failed to properly exhaust all of its administrative and/or contractual remedies prior to
26   filing suit, and that such failure bars this suit in whole or in part.

27           AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges
28   that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEF'S ANSWER TO COMPLAINT TO**
**COMPEL ARBITRATION**                4.                CASE NO.  CV08-3266 EDL

1           AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges

2  that Plaintiff has irrevocably abandoned any purported right to arbitrate, and therefore, an arbitrator

3  has no jurisdiction over the matters which Plaintiff seeks to arbitrate.

4           AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant

5  alleges that Plaintiff's Complaint is barred by the equitable doctrine of waiver.

6           AS A EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges

7  that Plaintiff's Complaint is barred by the equitable doctrine of estoppel.

8           AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges on

9  the belief that further discovery will disclose facts supporting its contention, that Plaintiff's

10  Complaint is barred by the doctrine of unclean hands.

11           AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges

12  on the belief that further discovery will disclose facts supporting its contention, that Plaintiff's

13  Complaint is barred by the doctrine of laches.

14           AS A ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant

15  alleges that Plaintiff has failed to state a claim for which attorneys' fees and costs may be granted.

16           WHEREFORE, Defendant prays as follows:

17           1.     That Plaintiff take nothing by reason of the Complaint;

18           2.     That judgment be entered on the Complaint in favor of Defendant and against

19  Plaintiff, and the Complaint be dismissed with prejudice;

20           3.     That Defendant be awarded its attorneys' fees and costs of suit incurred

21  herein; and

22           4.     For such other and further relief as the Court may deem just and proper.

23  Dated: August 19, 2008

24

25                              _/s/  Michael G. Pedhirney_____
                                 MICHAEL G. PEDHIRNEY

26                               LITTLER MENDELSON
                               A Professional Corporation

27   Firmwide:86236056.3 046609.1550         Attorneys for Defendant
   8/18/08                         WASTE MANAGEMENT OF ALAMEDA
                               COUNTY, INC.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEF'S ANSWER TO COMPLAINT TO COMPEL ARBITRATION**         5.            **CASE NO.  CV08-3266 EDL**