RONALD J. HOLLAND, Bar No. 148687
MICHAEL G. PEDHIRNEY, Bar No. 233164
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
DELTA HEALTH SYSTEMS, INC..

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GENERAL TEAMSTERS LOCAL 439,<br><br>Plaintiff,<br><br>v.<br><br>DELTA HEALTH SYSTEMS, INC.,<br><br>Defendant. | Case No. 2:08-CV-01187-GEB-DAD<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT TO COMPEL ARBITRATION** |

Defendant DELTA HEALTH SYSTEMS, INC. ("Defendant"), by and through the undersigned counsel, hereby submits its Answer to Plaintiff GENERAL TEAMSTERS LOCAL 439's ("Plaintiff") Complaint to Compel Arbitration ("Complaint"). All allegations not specifically admitted in this Answer are denied. For its Answer to Plaintiff's Complaint, Defendant admits, denies, and alleges as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that, pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. Section 185(a), Plaintiff may bring its Complaint to Compel Arbitration. Defendant, however, denies paragraph 1 of the Complaint to the extent it alleges, either explicitly or impliedly, Defendant has any obligation arising under a collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

2. In response to paragraph 2 of the Complaint, Defendant admits that venue is appropriate in the Eastern District of California in that the collective bargaining agreement between Plaintiff and Defendant was executed in and governs the terms and conditions of employment for employees represented by Plaintiff in this Judicial District. Defendant further admits that a substantial part of the events giving rise to Plaintiff's Complaint occurred in this Judicial District. Defendant, however, denies paragraph 2 of the Complaint to the extent it alleges, either explicitly or impliedly, Defendant has any obligation arising under a collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

3. In response to paragraph 3 of the Complaint, Defendant admits that this case should be assigned to the Sacramento Division of the United States District Court for the Eastern District of California in that a substantial part of the events giving rise to the Complaint occurred in Stockton, San Joaquin County, California. Defendant, however, denies paragraph 3 of the Complaint to the extent it alleges, either explicitly or impliedly, Defendant has any obligation arising under a collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

4. In response to paragraph 4 of the Complaint, based on information and belief, Defendant admits to the allegations contained therein.

5. In response to paragraph 5 of the Complaint, Defendant admits to the allegations contained therein.

6. In response to paragraph 6 of the Complaint, Defendant admits to the allegations contained therein.

7. In response to paragraph 7 of the Complaint, Defendant admits to the allegations contained therein.

8. In response to paragraph 8 of the Complaint, Defendant admits that Section 25 of the Agreement contains an arbitration procedure for the resolution of certain disputes arising under the Agreement. Defendant, however, denies the remainder of paragraph 8 of the Complaint to the extent it alleges Defendant has any obligation arising under the collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

9. In response to paragraph 9 of the Complaint, Defendant admits to the allegations contained therein.

10. In response to paragraph 10 of the Complaint, Defendant admits that on or about August 28, 2007, Local 439 informed Defendant that it wished to grieve Maria Lopez's performance appraisal. Defendant further admits that on or about November 1, 2007, the parties met to discuss the matter and that Plaintiff requested that the matter be submitted to arbitration. Defendant, however, denies the remainder of paragraph 10 of the Complaint to the extent it alleges Plaintiff had any right to invoke the grievance procedure of the collective bargaining agreement with respect to Ms. Lopez's performance appraisal, or that Defendant has any obligation arising under the collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

11. In response to paragraph 11 of the Complaint, Defendant admits to the allegations contained therein, except to the extent it alleges Defendant has any obligation arising under the collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

12. In response to paragraph 12 of the Complaint, Defendant admits that Plaintiff did not withdraw its request to arbitrate Ms. Lopez's performance appraisal. Defendant further admits that on or about January 31, 2008, Plaintiff again requested that the matter be submitted to arbitration. Defendant, however, denies the remainder of paragraph 12 of the Complaint to the extent it alleges Plaintiff had any right to invoke the grievance procedure of the collective bargaining agreement with respect to Ms. Lopez's performance appraisal, or that Defendant has any obligation arising under the collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

13. In response to paragraph 13 of the Complaint, Defendant admits to the allegations contained therein.

14. In response to paragraph 14 of the Complaint, Defendant denies each and every, all and several of the allegations contained therein.

15. In response to paragraph 15 of the Complaint, Defendant denies each and every, all and several of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S ANSWER TO COMPLAINT TO COMPEL ARBITRATION            3.            CASE NO. 2:08-CV-01187-GEB-DAD

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof on Plaintiff or admitting that Defendant has any burden of proof, Defendant asserts the following separate and distinct affirmative defenses:

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that each and every cause of action therein (if Plaintiff is asserting more than one), whether considered singly or in combination, fails to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. Section 185.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Defendant has no obligation arising under the parties' collective bargaining agreement to arbitrate the dispute at issue in Plaintiff's Complaint.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that each and every allegation contained in Plaintiff's Complaint, whether considered singly or in any combination, is untimely and barred by the applicable statute of limitations.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to properly exhaust all of its administrative and/or contractual remedies prior to filing suit, and that such failure bars this suit in whole or in part.

AS A SEVENTH SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action.

AS A EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred by the equitable doctrine of waiver.

AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's Complaint is barred by the equitable doctrine of estoppel.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges on the belief that further discovery will disclose facts supporting its contention, that Plaintiff's Complaint is barred by the doctrine of laches.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S ANSWER TO COMPLAINT TO COMPEL ARBITRATION     4.     CASE NO. 2:08-CV-01187-GEB-DAD

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff has failed to state a claim for which attorneys' fees and costs may be granted.

AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff is barred from bringing this action unless and until Plaintiff's counsel is disqualified from this matter on the basis that Plaintiff's counsel has been and/or currently is counsel for Defendant Delta Health Systems, Inc. in one or more other matters.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiff, and the Complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 3, 2008

   /s/   Michael G. Pedhirney
MICHAEL G. PEDHIRNEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
DELTA HEALTH SYSTEMS, INC.

Firmwide:86438865.1 024687.1008
8/28/08

DEF'S ANSWER TO COMPLAINT TO COMPEL ARBITRATION     5.     CASE NO. 2:08-CV-01187-GEB-DAD